ACCEPTED
05-25-01085-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
8/21/2025 10:48 AM
RUBEN MORIN
CLERK

05-25-01085-CV

## IN THE FIFTH COURT OF APPEALS

## DALLAS, TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
8/21/2025 10:48:32 AM
Ruben Morin
Clerk

In re Jeremy Wayne Atkins, Relator
Cause No. [to be assigned]

## ORIGINAL PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUSTICES OF THE FIFTH COURT OF APPEALS:

### Identity of Parties

Relator is Jeremy Wayne Atkins, pro se, the subject of the trial court's August 19, 2025 orders in Hunt County Cause No. 93167. Respondent is the Honorable Judge of the 354th Judicial District Court of Hunt County, Texas, who signed the challenged order. Real Party in Interest is Hoa Minh Nguyen, the opposing party in the divorce and SAPCR proceedings.

### Jurisdiction and Procedural Posture

This petition arises directly out of Cause No. 93167 in the 354th District Court of Hunt County. Relator has already perfected an appeal of the August 19, 2025 orders in that cause, now pending before this Court. This mandamus proceeding is therefore ancillary to, and will be rolled into, the appellate record in Case No. 93167. Relief is sought only to preserve the status quo and prevent enforcement of a void judgment while the appeal proceeds.

### Statement of Facts

1. On August 19, 2025, the 354th District Court signed final orders in Cause No. 93167 imposing $23,175 in retroactive child support arrears and over $19,000 in attorney's fees.

2. By September 2024, the minor child had resided continuously in Rockwall County for over six months. Relator filed at least sixteen motions and notices to transfer venue under Texas Family Code § 155.201(b). Despite the statute's mandatory language, the trial court refused to transfer and instead entered judgment.

3. The divorce decree had previously set child support at zero. No modification petition was filed, and no evidentiary hearing occurred as required by Family Code §§ 156.401, 154.009. Nonetheless, the court retroactively imposed arrears without evidence of income.

4. The court further entered a finding of "family violence" directly contradicting the prior decree, without police reports, medical records, or sworn testimony.

5. The resulting arrears judgment subjects Relator to immediate passport denial and revocation under 42 U.S.C. § 652(k) and 22 C.F.R. § 51.60(a)(8). Relator resides outside the United States and faces imminent loss of lawful status, deportation risk, and foreign criminal penalties.

### Argument

#### A. Venue Transfer Was a Ministerial Duty

Section 155.201(b) imposes a nondiscretionary duty to transfer SAPCR proceedings when the child has resided in another county for six months. Respondent's refusal to transfer deprived the court of jurisdiction. Orders entered without jurisdiction are void, and mandamus is the appropriate remedy.

#### B. Retroactive Child Support Exceeded Jurisdiction

Family Code §§ 156.401 and 154.009 bar retroactive modification absent a proper petition and evidentiary showing. No such procedure occurred. The order therefore constitutes a clear abuse of discretion and exceeds lawful authority.

#### C. Finding of "Family Violence" Lacked Evidence

The decree itself found no history of family violence. Absent competent evidence such as sworn testimony, medical records, or law enforcement reports, Respondent's new finding was arbitrary, unsupported, and violates due process.

#### D. No Adequate Remedy by Appeal

Because the order triggers immediate federal passport denial/revocation, Relator faces deportation, detention, and loss of reentry rights. These harms cannot be remedied by ordinary appeal and warrant extraordinary mandamus relief.

### Prayer

Relator respectfully prays that this Court:

1. Issue a writ of mandamus directing Respondent to vacate the August 19, 2025 order in Cause No. 93167, including all provisions imposing retroactive child support arrears and attorney's fees;

2. Prohibit enforcement or reporting of the order to federal authorities under 42 U.S.C. § 652(k) and 22 C.F.R. § 51.60(a)(8);

3. Confirm that this mandamus proceeding shall be consolidated or otherwise carried forward into the pending appellate case from Cause No. 93167; and

4. Grant such other and further relief to which Relator is entitled.


Respectfully submitted,


Jeremy Wayne Atkins, Pro Se

*NOTICE: THIS DOCUMENT*
*CONTAINS SENSITIVE DATA*

**CAUSE NO. 93167**

| | | |
|---|---|---|
| **IN THE INTEREST OF** | § | **IN THE DISTRICT COURT** |
| | § | |
| **W.V.A.,** | § | **354TH JUDICIAL DISTRICT** |
| | § | |
| **A CHILD** | § | **HUNT COUNTY, TEXAS** |

## HOA NGUYEN'S SUMMARY OF REQUESTED RELIEF

COMES NOW, Respondent, **HOA NGUYEN**, and requests the following summary of request relief:

1. Respondent respectfully requests that the Court award sole managing conservatorship of the minor child to Respondent. Respondent submits that this arrangement is in the best interest of the child and is supported by the facts and evidence presented.

   Grant __✓__     Deny_____

2. Respondent respectfully requests that Petitioner, JEREMY WAYNE ATKINS, be restricted from having possession or access to the child, in light of the protective order granted by this Court, which was based on allegations of harm, risk, or abuse. Respondent believes that the restriction is necessary for the safety and well-being of the child.

   Grant __✓__     Deny_____

3. Respondent requests that Petitioner be ordered to pay child support in the amount of $1,545.25 per month, pursuant to the Texas Family Code guidelines and based on the current financial circumstances of the parties involved. This amount is necessary to meet the financial needs of the child.

   Grant __✓__     Deny_____

4. Respondent requests that the Court order Petitioner to pay retroactive child support in the amount of $23,175.00, which covers the period from May 6, 2024, through Augst 19, 2025, during which Petitioner failed to contribute adequately to the support of the child.

   Grant __✓__     Deny_____

---

Copy from re:SearchTX

5. Respondent requests that Petitioner be ordered to pay attorney's fees in the amount of $2,400.00 to cover the costs incurred by Respondent for the final trial and interlocutory appeal, including but not limited to representation in this case.

Grant ___✓___        Deny_____

6. Respondent respectfully requests that the Court exempt Respondent from disclosing her residential address to the Petitioner due to the existing protective order granted in this case. Given that nature of the protective order, disclosure of Respondent's address would jeopardize her safety and well-being.

Grant ___✓___        Deny_____

7. Respondent requests that the Court not impose any geographic restrictions on her, such as prohibiting her from moving outside of a particular geographic area. Respondent believes that there is no basis for such restrictions in light of the circumstances of this case, and that such limitations would be contrary to her ability to act in the best interest of the child.

Grant ___✓___        Deny_____

8. Respondent requests that the Court allow her to apply for and obtain a passport for herself and the minor child without restriction; in order to facilitate international travel should the need arise for reasons related to the well-being, safety, or future planning of the child. Respondent submits that such a requests is in the best interest of the child and necessary for their future security.

Grant ___✓___        Deny_____

9. Respondent requests that Petitioner be ordered to pay attorney's fees in the amount of $17,414.31 to cover the costs incurred by Respondent in the pursuit of this matter, including but not limited to representation in this case. This includes the Interim Attorneys fees awarded in the case in addition to the additional $2400.00 for the final trial and the interlocutory appeals.

Grant ___✓___        Deny_____

Copy from re:SearchTX

10. Order sanctions against the Petitioner for violating the Order of Enforcement.

Grant _____ Deny _____

Additional rulings: _____

11. → Due to the specific findings in this case Mr Jeremy Wayne Atkins must wait until after the existing protective order for the benefit of W.V.A. expires on 07/07/2027 before he can come back to Court to have a hearing on further access/visitation.

12. → Mr. Jeremy Wayne Atkins must complete an in person Batterer's Intervention Prevention Program Accredited by the Texas Department of Criminal Justice for a minimum of 24 (twenty-four) weeks with a certificate of completion.

13. → Mr. Jeremy Wayne Atkins must have 1 (12 months) year with no arrests or conviction for family violence or any offenses where Hoa Nguyen is the alleged victim prior to coming back to Court seeking any form of visitation.

SIGNED on August 19, 2025.

_____
JUDGE PRESIDING

Copy from re:SearchTX